IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    Case No. 2:20-cr-20017-008

TRAYE EVERETT MARTIN                                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on December 9, 2020, and, pursuant to a written Plea Agreement, the Defendant entered a plea of guilty to Count One of the First Superseding Indictment, which is the only Count pertaining to the Defendant.  Pursuant to the Plea Agreement, the Government will move to dismiss the forfeiture allegation of the Superseding Indictment as it pertains to the Defendant once the Court has pronounced sentence.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

1.      The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, on the record at the hearing, to the entry of his guilty plea before the undersigned, with the plea being subject to final approval by U. S. District Judge P. K. Holmes, III.

2.      The Defendant and the Government have entered into a written Plea Agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the Plea Agreement be filed.

3. The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charge, the applicable maximum penalties, and the consequences of the guilty plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with her; and, the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4. The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5. The parties were informed on the record at the hearing of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. To expedite acceptance of the guilty plea, the parties waived, on the record, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written Plea Agreement be tentatively approved, subject to final approval at sentencing.

Dated: December 9, 2020.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE